## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**Laquita Bruner**, as administrator
of the Estate of Dawawn Q. McCoy,
deceased,

           Plaintiff,

vs.

(1) **The City of Oklahoma City, a
municipal corporation,**
(2) **Chief Wade Gourley, an individual,**
(3) **Officer Kelly Cassidy, an individual,**
(4) **Officer Brandon Lee, and individual,
and**
(5) **Officer Robin Ridner,**

           Defendants.

CASE NO:    CIV-22-199-HE

## COMPLAINT

This action is brought pursuant to 12 O.S. §§ 1053 and 1054, 42 U.S.C. Sections 1983

and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

## PARTIES

1.    Plaintiff Laquita Bruner is a resident of the county of Oklahoma County, state of

Oklahoma, and the United States of America.

2.    Plaintiff Laquita Bruner is the personal administrator of the Estate of Dawawn Q.

McCoy, deceased, as letters have been issued to her in Oklahoma County Case No. PB-2021-

441.

3.     At all times referred to herein, defendant Kelly Cassidy was a police officer employed by the Oklahoma City Police Department.

4.     At all times referred to herein, defendant Brandon Lee was a police officer employed by the Oklahoma City Police Department.

5.     At all times referred to herein, defendant Robin Ridner was a police officer employed by the Oklahoma City Police Department.

6.     Defendant Wade Gourley was, at all times referred to herein, chief of police for the Oklahoma City Police Department, and resultingly, he was the commanding officer of defendants Kelly Cassidy, Brandon Lee, and Robin Ridner, and was responsible for the training, supervision, and conduct of those defendants. Defendant Gourley is further responsible by law for enforcing regulations of the City of Oklahoma City and for ensuring that the City of Oklahoma City policer officers obey the laws of the state of Oklahoma and the United States of America.

7.     Defendant City of Oklahoma City is a municipal corporation, organized and existing under the laws of the state of Oklahoma.

8.     Plaintiff sues all defendants in their individual capacities.

**9.**     At all times referred to herein, defendants Kelly Cassidy, Brandon Lee, and Robin

Ridner, acted under color of the laws, statutes, ordinances, regulations, policies, customs and

usages of the state of Oklahoma and the city of Oklahoma City.

## CLAIMS

**10.**     On or about March 27, 2020, Dawawn McCoy was in a hotel room, laying in a bed,

when he was approached by defendants Kelly Cassidy, Brandon Lee, and Robin Ridner, on

an alleged trespassing complaint.

**11.**     Mr. McCoy notified police that he had a medical issue and was unable to stand.

**12.**     The police officers informed Mr. McCoy that they were placing him under arrest.

**13.**     Police officers order Mr. McCoy to stand up and walk out of the building, but Mr.

McCoy repeatedly, and respectfully informed police officers that he was unable to stand.

**14.**     Instead of providing needed medical treatment to Mr. McCoy, or even conducting a

reasonable investigation to verify whether he was ambulatory, the Officers attempted to

handcuff Mr. McCoy, despite the fact that he had some condition that caused the muscles in

his body to become tense.

15.     Mr. McCoy informed police officers that he was unable to put his hands behind his back and shrieked in extreme pain as the Officers attempted to force his arms behind his back.

16.     Even after noticing that Mr. McCoy was indeed unable to stand up, and that there was a condition that caused his legs to tense involuntarily, Defendants used force on Mr. McCoy that was unreasonable, given the fact that Mr. McCoy never attempted to harm the Officers and given the fact that at worst, Mr. McCoy could only be guilty of simple trespassing.

17.     The Officers used pepper spray on Mr. McCoy at least twice, deployed a TASER on Mr. McCoy, and punched him in the face more than once.

18.     The Officers bound Mr. McCoy's legs and feet, despite noticing that he had a condition that caused his muscles to tense involuntarily and noticing that he was unable to move his legs.

19.     While Mr. McCoy was bound in the extremely distressing position, at least one officer put his knee in Mr. McCoy's back and neck area until Mr. McCoy went silent and his movement became limited.

**20.**     The Officers kept Mr. McCoy bound in the extremely distressing position for several minutes even when it was clear that his ability to breathe had become severely compromised.

**21.**     The Officers observed Mr. McCoy with deliberate indifference as he lay hogtied on the floor, facedown, and clearly unable to breathe.

**22.**     Only after another officer entered the hotel room and noticed the obvious indicators that Mr. McCoy's breathing had been compromised did the Officers check on Mr. McCoy's condition.

**23.**     At no time did Mr. McCoy ever pose a threat to Defendants.

**24.**     As a direct and proximate result of Defendants' actions, Dawawn McCoy died less than one week later.

**25.**     As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Mr. McCoy by Defendants, committed under color of law and under their authority as Oklahoma City police officers, plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

26.     The actions of Defendants were objectively unreasonable and constituted the use of excessive force in violation of the Fourth amendment to the United States Constitution in that Mr. McCoy posed no danger to Defendants or to other members of the public at the time his death was caused by Defendants.

27.     Prior to the incident involving Mr. McCoy, Defendant Gourley had learned of several previous incidents involving members of the Oklahoma City Police Department, wherein officers used excessive force on others. Mr. Gourley took no action to discipline defendants or to order them not to repeat such incidents, thus tacitly authorizing such conduct. If Defendant Gourley had taken such remedial action, the abusive conduct towards of Mr. McCoy would not have occurred.

28.     The city council of Oklahoma City is vested by state law with the authority to make policy for the city on the use of force in making arrests. The city council members were aware of a pattern of excessive force by police officers employed by the city of Oklahoma City; they were aware that the city's policies regarding the discipline of officers accused of excessive force were so inadequate that was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon Mr. McCoy as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further discovery.

29.     Acting under color of law and pursuant to official policy, practice, or custom, defendants Wade Gourley and the City of Oklahoma City intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline on a continuing basis defendants Kelly Cassidy, Brandon Lee, and Robin Ridner, on a continuing basis in the correct procedure for dealing with individuals in physical and mental distress, and for using oleoresin capsicum spray, electroshock weapons, and arm and ankle restraints.

30.     At all times material hereto, the Defendants had guidelines on the use of force, including but not limited to deadly force, in situations akin to the one at bar. The continuum of force policy used by the Oklahoma City Police Department was flawed in that it authorized officers to use handcuffs and other positional restraints in combination with weight and force on decedent's back while being held in a prone position face down on the ground. These guidelines were grossly inadequate and led to the Officers' unrestrained use of excessive force against the unarmed decedent.

31.     The lack of proper or adequate training on the use and risk of positional asphyxiation is unconstitutional. This resulted in the officers being unable to recognize the signs of a detainee suffocating to death under their weight, force, and methods of restraint. Additionally, the officers were improperly trained on how to recognize excited delirium and other mental disorders.

32.     The failure of the City of Oklahoma City and Chief Wade Gourley to properly train, supervise, regulate, and/or discipline officers who routinely use excessive force in making arrests including Defendant Officers, or to otherwise control their employees and the failure to promulgate proper guidelines for the use of force and deadly force constitutes official policy, practice, or custom of condoning unjustified use of force in violation of the constitutional rights of the decedent and others and serves to condone the illegal behavior as alleged. Each of the actions and inactions by the City of Oklahoma City and Chief Wade Gourley constitute an unconstitutional policy or custom which violated decedent's Fourth and Fourteenth Amendment rights to the United States Constitution.

33.     At all times relevant, Defendants Kelly Cassidy, Brandon Lee, and Robin Ridner, were acting within the scope of their employment with the City of Oklahoma City. City is liable for these Defendant's conduct under the doctrine of *respondeat superior*.

34.     Defendants are also responsible for violating the decedent's right to life and to be free from deprivation of this right from the state, without due process of law.

35.     Further, Defendants are responsible for subjecting the decedent to excessive punishment and execution, without due process of law.

36.     Defendants are responsible for depriving decedent's children and parents their right to the continued companionship and association of their father and son without due process of law.

**37.**   The acts of Defendants in this case were wanton, malicious, and oppressive.

*WHEREFORE*, Plaintiff respectfully prays judgment as follows:

**1.**  For compensatory damages against Defendants for medical and burial expenses in an amount proved at trial;

**2.**  For compensatory damages for the pain and anguish suffered by Mr. McCoy, the decedent;

**3.**  For compensatory damages for the pecuniary loss of Mr. McCoy's survivors;

**4.**  For compensatory damages for the grief and loss of companionship of the children and parents of Mr. McCoy;

**5.**  For punitive damages against all Defendants other than the City of Oklahoma City; and

**6.**  For such other and further relief as the court deems proper.

Respectfully submitted,


s/Aaron D. Johnson_____

**Aaron D. Johnson, OBA # 30604**
**Brittini L. Jagers-Johnson, OBA # 30598**
**Jagers & Johnson, Attorneys at Law, PLLC**
P.O. BOX 2785
Oklahoma City, OK 73101-2785
Telephone: (405) 525-0334
Facsimile: (405) 525-0230
Email: aaronj@jagersjohnsonlaw.com
Email: brittinij@jagersjohnsonlaw.com